UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
ALFREDO RIVERA,

                Petitioner,        09 Civ. 4540 (TPG)

   – against –                 **OPINION**

JAMES WALSH, Superintendent,

                Respondent.
------------------------------------------------x

     This is a petition by a state prisoner for a writ of habeas corpus, filed under 28 U.S.C. § 2254.  Respondent has answered, contending that the petition should be denied.

     The petition is denied.

     In April, 2003, after a jury trial, the New York Supreme Court convicted petitioner of one count of murder in the first degree, and one count of murder in the second degree.  The court sentenced petitioner to concurrent indeterminate prison terms of 25 years to life.  Having exhausted his appellate review, petitioner now raises two claims in the instant petition.  First, petitioner claims that the evidence presented at trial was insufficient to support a conviction of first-degree felony murder.  Second, petitioner claims that the jury's verdict was repugnant because of inconsistency.

**Background**

This account of the facts underlying petitioner's conviction is taken from his § 2255 motion and the Government's response to that motion.

Facts

On October 27, 2000, petitioner was staying at the apartment of his friend, Israel Cotto.  Cotto and his live-in girlfriend, Ridiayah Gomez, both testified at trial that petitioner received a phone call that morning, and that shortly thereafter, petitioner announced that he was going out.

Petitioner testified at trial that when he went out that morning, he coincidentally ran into his friend, Jose Rios, while walking down the street.  Petitioner was on his way to buy marijuana from Edward Vaughn, who lived alone and sold marijuana from his apartment.  Petitioner invited Rios to come with him, and the two walked together to Vaughn's apartment.

Petitioner further testified that he had anticipated some degree of conflict, because he knew that Vaughn disliked Rios, and for this reason, petitioner rang Vaughn's buzzer at the outside of the building while Rios hid from sight.  Vaughn looked out his window, saw petitioner, and buzzed him into the building.  Rios accompanied petitioner into the apartment building.  Before they reached Vaughn's apartment door, which was open, Rios announced to petitioner that he intended to rob Vaughn.  Petitioner responded: "No, don't do it.  Not while I'm here."

When both men entered the apartment, Vaughn got very upset when he saw Rios and immediately grabbed him. The two began to struggle, and Rios struck Vaughn in the head multiple times. Petitioner grabbed Vaughn, but Vaughn pushed him away. Rios and Vaughn then fought in the bathroom for a period of time, while petitioner stood outside. When they came out, Vaughn was bleeding from his face and neck. Vaughn asked petitioner to help him but, in response, petitioner struck him in the head with a vase. A latent print recovered from the broken vase matched petitioner's left hand index finger.

Rios then began kicking Vaughn repeatedly, while intermittently throwing nearby objects at him until Vaughn stopped moving. At this point, Rios began ransacking the apartment, looking through drawers and closets. When he noticed that he was bleeding, Rios took a towel from the apartment and wrapped it around his hand. One of the two men poured liquid detergent around Vaughn's body before they left the apartment.

Once they left the apartment, Rios and petitioner parted ways. Rios went to an emergency room to have his wound treated, while petitioner returned to his friend Cotto's apartment. The body was later found by a third party.

The autopsy report revealed that Vaughn had been stabbed twenty-seven times, and had suffered severe head wounds. It also reported that Vaughn was an enormous man, weighing around 228

pounds and standing over six feet tall.  Petitioner and Rios are substantially smaller men.

Procedural History

On June 8, 2001, petitioner and Rios were charged with murder in the first degree, three counts of murder in the second degree, and four counts of robbery in the first degree.  Rios and petitioner were tried separately.

On April 24, 2003, the jury convicted petitioner of murder in the first degree and murder in the second degree.  The jury acquitted petitioner of all robbery charges.

On appeal, the Appellate Division, First Department, unanimously affirmed petitioner's conviction.  The court held that petitioner's insufficiency claim was not only unpreserved for appellate review, but also without merit.  With regard to petitioner's repugnancy claim, the court held that the verdict was consistent, because the jury had been instructed that the felony murder charge could be based on an attempted robbery.  The Appellate Division also rejected petitioner's claim that his sentence should be reduced in the interest of justice.

On April 8, 2009, petitioner filed the present habeas corpus petition.  First, petitioner claims that the evidence was insufficient to establish his guilt of first-degree felony murder, on the ground that the prosecution did not prove that he robbed Vaughn or assisted Rios in robbing Vaughn.  Second, petitioner claims that the jury's verdict was

repugnant, because the felony murder conviction is predicated on an underlying robbery charge, and the jury found him not guilty with respect to the robbery charge.

Both of the present claims challenge petitioner's first-degree murder conviction. Petitioner was also convicted of second-degree murder, which he does not challenge.

Respondent does not contest that petitioner has met his timeliness and exhaustion requirements under 28 U.S.C. § 2244(d)(1) and 28 U.S.C. § 2254(b)(1)(A).

## Discussion

Petitioner's application for a writ of habeas corpus cannot be granted unless the Appellate Division's adjudication of his claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law", or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's factual findings are presumed correct, and this presumption can only be overcome by "clear and convincing evidence." § 2254(e)(1).

Insufficiency of the Evidence

Respondent argues that petitioner's claim in this regard is procedurally barred, and, in any event, without merit.

Federal courts may not address the merits of a habeas petition if the state court's rejection of a federal claim "rests on state grounds that

are independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008). New York law requires contemporaneous objections, and therefore petitioner's claim would only have been preserved if he had objected during trial to the sufficiency of the evidence. N.Y.C.P.L § 470.05(2). Any objection must also be "specifically directed at the alleged error," as a general objection will not preserve an issue for appeal. People v. Gray, 86 N.Y.2d 10, 19 (1995). Petitioner made no specific objection at trial, and merely filed a general motion to dismiss at the conclusion of the State's evidence. Therefore, the Appellate Division reasonably held that his argument was not preserved for appellate review.

Petitioner's failure to preserve his claim was an adequate and independent state ground for rejecting his appeal on the insufficiency of evidence claim. Therefore, petitioner's claim is barred from habeas review unless he can show either: (1) why he failed to preserve the claim or (2) that dismissing the claim will result in a miscarriage of justice. Coleman, 501 U.S. at 750; Spence v. Superintendent, 219 F.3d 162, 170 (2d Cir. 2000). Petitioner shows neither.

In any event, the evidence admitted at trial was sufficient to support the jury's finding that petitioner was complicit in Rios's plan to rob Vaughn. The New York Court of Appeals has held that "there can be no partnership in an act where there is no community of purpose."

- 6 -

People v. LaBelle, 18 N.Y.2d 405, 412 (1988).  The Appellate Division reached the well-grounded conclusion, "The evidence supports the inference that defendant was part of a plan to rob the victim.  Furthermore, even if defendant did not initially plan to assist his companion, the evidence establishes that he intentionally participated after his companion's intentions became clear."  People v. Rivera, 9 N.Y.3d 1037 (2008) (citations omitted).

     The evidence is clear that Rivera joined Rios' plan to rob Vaughn, at least upon arriving at the apartment.  Petitioner undoubtedly knew that Vaughn's apartment would contain marijuana and cash.  Additionally, two witnesses testified that petitioner received a telephone call from Rios just before he left the apartment that morning, which contradicts petitioner's testimony that he ran into Rios coincidentally.  Petitioner testified that he tricked Vaughn into buzzing him into the building while Rios concealed himself, which suggests that petitioner was at least aware that the visit might involve foul play.  Even if one accepts Rivera's testimony that he did not learn of Rios' plan until just before they entered the apartment, the evidence nonetheless supports the finding that Rivera thereafter participated in Rios' plan to rob Vaughn.  Petitioner alleges that, upon learning of Rios' intent to rob Vaughn, petitioner stated: "No, don't do it.  Not while I'm here."  Nevertheless, petitioner entered knowing that Rios intended to commit a robbery.  Petitioner admitted to striking Vaughn, which assisted Rios in subduing

Vaughn so that the robbery could be carried out. Vaughn's apartment was found ransacked after the murder. What is clear from the evidence is that a reasonable jury could have found that petitioner intended to assist in robbing Vaughn.

The Appellate Division's adjudication of petitioner's insufficiency of evidence claim did not involve an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

<u>Repugnance of the Verdict</u>

The verdict in this case was not repugnant or inconsistent, as petitioner contends. Petitioner was convicted of first-degree murder, in this case felony murder. The judge charged the jury that, to find the defendant guilty, they had to find that he intentionally caused the death of the victim "in the course of committing or attempting to commit the crime of robbery." Although the jury acquitted petitioner of the robbery charge, it is clear that the first-degree murder charge could be based on an attempt. The Appellate Division held that the verdict in this case was not repugnant, because the judge's instructions to the jury made it clear that the murder charges could be based on a killing that occurred in the course of either a completed or attempted robbery. The Appellate Division's ruling was not in any way contrary to clearly established federal law.

## **Conclusion**

For the foregoing reasons, the petition is denied.

SO ORDERED.

Dated: New York, New York
       December 8, 2010

/s/ Thomas P. Griesa
Thomas P. Griesa
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/10
```

- 9 -